UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-4152-RAO | Date: | August 29, 2025 |
| Title: | Hany Ayad et al. v. Nissan North America, Inc. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING MOTION TO REMAND [9]**

Pending before the Court is Plaintiffs Hany Ayad and Mark Ayad's ("Plaintiffs") motion to remand ("Motion"). Dkt. No. 9. Defendant Nissan North America, Inc. ("Defendant") filed its opposition on June 18, 2025. Dkt. No. 10. Plaintiffs filed their reply on June 24, 2025. Dkt. No. 11. The Court finds the matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

## I. BACKGROUND

Plaintiffs filed their Complaint in the Ventura County Superior Court on January 24, 2025. Compl., Dkt. No. 1-1 at 7-15. The Complaint asserts claims for violations of the Song-Beverly Act with respect to a 2023 Infiniti Q50 (the "Subject Vehicle") purchased by Plaintiffs in June 2024. *Id.*

Plaintiffs served Defendant with the complaint and summons on February 5, 2025. Dkt. No. 1-1 at 2; Dkt. No. 9-4 at 2. Defendant filed its answer to the Complaint on May 6, 2025. Dkt. No. 1-2.

Defendant removed the state action to this Court on May 8, 2025, pursuant to 28 U.S.C. § 1332. Dkt. No. 1. Defendant's notice of removal alleges that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *Id.* at 3-6. According to Defendant, the amount in controversy was indeterminate from the face of the complaint, and Defendant could not appropriately remove the matter to federal court until it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-4152-RAO | Date: | August 29, 2025 |
| Title: | Hany Ayad et al. v. Nissan North America, Inc. | | |

completed an investigation to determine an accurate figure. *Id.* at 7-9. Because of this, Defendant argues it had one year—rather than 30 days—to remove the case to this Court. *Id.* at 9.

## II. DISCUSSION

### A. Legal Standard

Because federal courts have limited jurisdiction, there is a presumption that a district court lacks jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). A defendant may remove a state civil action to the federal district and division where the action is pending if the district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). A federal court's statutory grants of subject-matter jurisdiction are found in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&F Corp.*, 546 U.S. 500, 513 (2006). Generally, a district court has original jurisdiction over actions premised on a federal question, 28 U.S.C. § 1331, or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, *id.* § 1332(a).

If the case stated by the initial pleading is removable, a defendant must file the notice of removal within 30 days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). This "first pathway" applies where "the basis for removal is clear from the complaint." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). If "it is unclear from the complaint whether the case is removable," the pleading is "indeterminate." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005). "If no ground for removal is evident in that [initial] pleading, the case is not removable at that stage." *Id.* at 694 (internal quotation marks omitted). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). When removability is not apparent from the face of the complaint or ascertainable from a subsequent paper, a defendant may remove a matter based on diversity jurisdiction outside of these two thirty-day timelines, but within a year of commencement of the action. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013); 28 U.S.C. § 1446(c).

Removal is narrowly construed, and there is a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No.: | 2:25-cv-4152-RAO | Date: | August 29, 2025 |
|---|---|---|---|
| Title: | Hany Ayad et al. v. Nissan North America, Inc. | | |

980 F.2d 564, 566 (9th Cir. 1992)). The defendant has the burden to show that removal is proper, and any ambiguities or doubt as to an action's removability are resolved in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

**B.      Analysis**

The parties do not dispute that the Court has diversity jurisdiction.[1] Rather, the parties' disagreement centers on whether the amount in controversy was apparent from Plaintiffs' complaint and therefore triggered Defendant's thirty-day window for removal under the first pathway.

1. The Amount in Controversy is Unclear from the Face of Plaintiffs' Complaint

Plaintiffs contend that their complaint adequately informed Defendant that Plaintiffs' alleged damages exceeded $75,000. Mot. at 6. Defendant argues that the complaint was indeterminate as to the amount in controversy, and therefore required further investigation prior to removal. Opp'n at 8-9. Specifically, Defendant points to a series of statutorily mandated offsets in the Song-Beverly Act that rendered Defendant unable to accurately determine the amount in

---

[1] Although the parties do not dispute that diversity jurisdiction exists, the Court considers the issue *sua sponte*. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (noting that district courts have an independent duty to evaluate subject-matter jurisdiction). For purposes of diversity jurisdiction, a person is a citizen of the state where they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is the citizen of each state in which it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Plaintiffs are citizens of the state of California. Compl. ¶ 2. Defendant is incorporated in Delaware and has its principal place of business in Tennessee. Dkt. No. 1 at 3. There is complete diversity of citizenship between the parties. Additionally, Defendant makes a plausible non-speculative showing that the amount in controversy exceeds the jurisdictional threshold. *See* Dkt. No. 1 at 4-6. Based on Defendant's preliminary investigation, a plausible estimate of actual damages is $51,069.12 in light of the value of the vehicle and estimated offsets. *Id*. at 4. Plaintiff seeks civil penalties in the amount of two times of actual damages, and with the addition of attorneys' fees that are recoverable under the Song-Beverly Act, Defendant assesses that the amount in controversy exceeds $75,000. *Id*. at 5. Because Plaintiffs do not contest and the Court does not question Defendant's allegation, Defendant did not need to present evidence establishing the amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-4152-RAO | Date: | August 29, 2025 |
| Title: | Hany Ayad et al. v. Nissan North America, Inc. | | |

controversy. *Id.* at 9-11. Defendant also argues that Plaintiffs have not alleged the cash price of the vehicle. *Id.* at 10.

The amount in controversy encompasses, at the time of removal, all the relief a plaintiff would be entitled to upon a favorable judgment. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). In their Complaint, Plaintiffs seek actual damages, restitution, incidental and consequential damages, a civil penalty in the amount of two times Plaintiffs' actual damages, prejudgment interest, and attorney's fees and costs. Compl. at 9.

Under California's Song-Beverly Act, a plaintiff may receive actual damages in the amount of "the actual price paid or payable by the buyer," offset by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Actual damages are further offset by negative equity; noncash credits provided by the manufacturer; and the actual price of "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Code of Civ. Proc. § 871.27(b)-(d). A plaintiff may also be entitled to civil penalties if the defendant's violations were willful. Cal. Civ. Code § 1794(c). A civil penalty award may not exceed twice the amount of actual damages. *Id.*

The Complaint alleges that "[t]he Subject Vehicle, as reflected in the sales contract, has an approximate value of $54,569.12." Compl. ¶ 8, Dkt. No. 1-1 at 9. The sales contract is not attached to the Complaint. The Complaint lists the vehicle's odometer reading as approximately 21,014 miles at the time Plaintiffs first presented the vehicle for excessive gas consumption, and as approximately 24,050 miles and 24,889 miles when Plaintiffs presented the Subject Vehicle two subsequent times. Compl. ¶¶ 11-13.

The Court finds that the Complaint is indeterminate as to removability because it does not allege the actual price paid or payable by the buyer for the Subject Vehicle. Rather, the Complaint alleges the "approximate value" of the Subject Vehicle. Even though the Complaint refers to the sales contract, it is not clear whether the "approximate value" in the Complaint is the actual price paid or payable, and not some other value that was included in the sales contract but was further discounted. Without the actual price paid or payable, a calculation for actual damages under the Song-Beverly Act is not clear from the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-4152-RAO | Date: | August 29, 2025 |
| Title: | Hany Ayad et al. v. Nissan North America, Inc. | | |

Plaintiffs argue that Defendant has a duty to employ reasonable intelligence, including the multiplication of damages figures. Reply at 4. However, the dispute here does not involve whether Defendant should have multiplied an actual damages figure to estimate a civil penalty. Rather, the Complaint is indeterminate as to the base number for actual damages that would be multiplied to estimate civil penalties.

The Court has reviewed the district court cases cited by both sides and conducted its own research on this issue in the context of cases brought under the Song-Beverly Act. The Court is persuaded by the reasoning and analysis in *Covarrubias v. Ford Motor Company*, No. 2:25-cv-00328-JLS-MAA, 2025 WL 907544, at *2-3 (C.D. Cal. Mar. 24, 2025). In *Covarrubias*, the court found that "the Complaint did not make clear whether the amount in controversy exceeds the jurisdictional threshold, as it states only the approximate value of the Subject Vehicle without providing any information as to the total cash price of the Subject Vehicle or any information from which the mileage use offset can be determined." *Id.* at *2. The court was "mindful of the imbalance that would result from allowing a plaintiff to start the removal clock with a complaint that fails to include allegations as to the actual purchase price of the vehicle or the vehicle's mileage use offset, and then argue in a motion to remand that a defendant's damages calculations are speculative for failure to account for the actual purchase price and/or mileage use offset." *Id.* at *3. The court concluded that "in actions brought under the Song-Beverly Act, a complaint is indeterminate as to the amount in controversy when that complaint alleges only the approximate value of a vehicle without also providing any information as to the amount actually paid for the vehicle by plaintiff." *Id.* Here, although Plaintiffs did allege a number from which Defendant could estimate a mileage offset, Plaintiffs did not sufficiently allege the actual price paid or payable for the Subject Vehicle.

The Court concludes that the Complaint is indeterminate as to the amount in controversy.

2. Defendant's Notice of Removal Is Timely

Because the Complaint is indeterminate as to the amount in controversy, the first pathway to move to remand does not apply. Plaintiffs do not contend that Defendant received some other paper from which removability was ascertainable. Therefore, the second pathway does not apply. Plaintiffs do not dispute that Defendant removed the matter within a year after Plaintiffs filed their action in state court. The Court therefore finds that Defendant's notice of removal is timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-4152-RAO | Date: | August 29, 2025 |
| Title: | Hany Ayad et al. v. Nissan North America, Inc. | | |

*Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121 (9th Cir. 2013), cited by Plaintiffs, supports that where a pleading is indeterminate, the thirty-day deadline to remove does not apply. *Id.* at 1125 (concluding that a defendant may remove outside thirty-day periods on the basis of its own information as long as it has not run afoul of either deadline). As cited by Plaintiffs, the Ninth Circuit stated that "[a] defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Id.* at 1125. But the Ninth Circuit continued, "neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." *Id.* The Ninth Circuit noted that "plaintiffs are in a position to protect themselves" because if they think that their action may be removable and a defendant might delay removal until a strategically advantageous moment, "they need only provide to the defendant a document from which removability may be ascertained." *Id.* at 1126. Here, Plaintiffs need only have attached the sales contract to their Complaint or served it on Defendant if they wished to prevent any delay in possible removal.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand is **DENIED**. The Court will issue an order setting a scheduling conference.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | er |